IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>HENRY SIMMONS, )<br>)<br>Defendant. ) | Case No. 18-00356-03-CR-W-RK |

## REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's *pro se* Motion Request [Sic] for a Wade Hearing. Doc. 122. In his motion, Defendant seeks to suppress witness identification evidence. *Id*. The Government filed Suggestions in Opposition on April 23, 2021. Doc. 127. Defendant filed Reply Suggestions on May 3, 2021. Doc. 130. For the reasons set forth below, it is recommended that Defendant's motion be DENIED without prejudice.

### I.  BACKGROUND

Defendant Simmons was initially charged by Criminal Complaint filed on November 27, 2018, with conspiracy to commit Hobbs Act robberies and use of a firearm during and in relation to a crime of violence. Doc. 1. The Grand Jury returned an indictment on December 12, 2018. Doc. 17. A first superseding indictment was returned on January 28, 2020. Doc. 51. A second superseding indictment was returned on September 29, 2020. Doc. 94. The pending charges against Defendant include one count of conspiracy to commit Hobbs Act robberies in violation of 18 U.S.C. § 1951(a); seven counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); seven counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); two counts of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a);

and two counts of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. 94.

On November 27, 2018, Robert Calbi was appointed to represent Defendant. Doc. 6. On February 28, 2019, Judge Maughmer issued a Scheduling and Trial Order that established May 24, 2019, as the deadline to file pretrial motions. Doc. 32 at 9. Counsel for Defendant Simmons filed two motions seeking to extend the pretrial motions deadline. Docs. 35, 37. The Court granted both motions, extending the pretrial motion deadline to June 24, 2019, and then to July 12, 2019. Docs. 36, 38. No pretrial motions were filed on Defendant's behalf.

Mr. Calbi filed a motion to withdraw on September 16, 2020. Doc. 92. In the motion, counsel stated Defendant had demanded he withdraw from representation, and Defendant believed there was a breakdown in communications. *Id.* The Court conducted an attorney appointment hearing on October 9, 2020. Doc. 97. At the conclusion of the hearing, the Court granted the motion to withdraw and appointed replacement CJA counsel, John Picerno, to represent Defendant. Doc. 98. During Mr. Picerno's representation of Defendant, he did not seek leave to file any pretrial motions.

On February 23, 2021, Mr. Picerno filed a motion to withdraw. Doc. 107. Counsel averred Defendant wanted a pretrial motion filed requesting a *Franks* hearing related to his arrest. *Id.* at 2-3. According to counsel, he informed Defendant "the motion was without merit," and it was counsel's opinion "that Defendant's review of the evidence [was] not based in fact." *Id.* at 3. Counsel stated there were irreconcilable differences and a genuine conflict of interest. *Id.*

The undersigned conducted an attorney appointment hearing on March 12, 2021. Doc. 114. During the hearing, Defendant made a request for self-representation. *Id.* The undersigned took the request under advisement to schedule a *Faretta* hearing and allow Defendant sufficient

time to contemplate and reflect on this decision. The Court held a *Faretta* hearing on March 16, 2021. Doc. 117. After extensively examining Defendant and repeatedly warning him of the dangers of self-representation, the undersigned granted Defendant's request to proceed *pro se*. Doc. 118. The Court also converted Mr. Picerno's role to standby counsel for purposes of trial only. *Id.*

On March 29, 2021, Defendant filed his *pro se* Motion Request [sic] for a Wade Hearing currently pending before the Court. Doc. 122.[1] The motion pertains to law enforcement interviews of codefendants Vonterrious Humbert and Tremaine Johnson. During their respective interviews, the codefendants were shown still images from surveillance video related to several recent robberies. Doc. 122 at 11-13. Both Humbert and Johnson positively identified Defendant Simmons as "suspect 2" in still images from prior robberies. *Id.*

Defendant contends that showing the still images to the codefendants during their respective interviews was "impermissibly suggestive and unreliable." *Id.* at 13-14, 17-18. He further argues there was no photo array provided to the codefendants, and the identification procedure was impermissibly suggestive and unreliable because the codefendants were not presented with other suspects matching Defendant's description or having similar features. *Id.* at 18.

In its opposition, the Government first argues Defendant's motion is untimely. Doc. 127 at 3-4. On the merits, the Government represents it will not "seek admission of, or otherwise reference, in its case-in-chief, the out-of-court identifications of the defendant from still photographs captured from surveillance video that were made by Vonterrious Humbert and Tremaine Johnson in their respective statements to law enforcement on November 27, 2018." *Id.*

---

[1] Defendant did not file a motion seeking permission to file this motion out of time.

3

at 4. The Government reserves the right to introduce such evidence only if Defendant "opened the door" to its admission through the questioning of any witness. *Id.* at 4-5.

In his Reply, Defendant contends the unreliable identification evidence resulted in him being charged and indicted with fourteen additional counts. Doc. 130 at 3. He further submits that if the identification evidence is not used, there was no probable cause to indict him with the fourteen additional counts. *Id.* Defendant continues to argue the "eyewitness identification" by the codefendants was unreliable and suggestive. *Id.* at 4.

## II. DISCUSSION

In its opposition, the Government specifically agreed not to seek the admission of, or otherwise reference, the out-of-court identifications of Defendant from the still photographs captured from surveillance video that were made by codefendants Vonterrious Humbert and Tremaine Johnson in their respective interviews with law enforcement on November 27, 2018. Doc. 127 at 4. Based on the Government's representation, the identification evidence will not be introduced at trial by the Government, and Defendant will suffer no prejudice from the alleged procedures used to obtain the identification evidence. Accordingly, based on the representation made by the Government, the undersigned recommends Defendant's Motion Request [sic] for a Wade Hearing be DENIED without prejudice.[2]

In light of the Government's agreement not to seek the introduction of the codefendants' identification of Defendant from surveillance footage images taken from prior robberies, it is not necessary for the Court to address the timeliness of Defendant's motion including whether good cause has been shown by Defendant for the untimely filing. Further, based on the Government's

---

[2] The undersigned recommends the motion be denied "without prejudice" to provide Defendant the ability to reassert the arguments made in his motion should the door be opened at trial to the witness identification evidence in question.

4

representation, it is not necessary to reach the merits of Defendant's challenge to the identification procedures or the admissibility of the codefendants' identification of Defendant from the footage of prior robberies.[3]

Although unnecessary to do so based on the foregoing, the Court briefly addresses the Defendant's remaining argument that absent the witness identification evidence, there was no probable cause to support the charges in the second superseding indictment. Doc. 130 at 3. This argument, however, is foreclosed by case law that conclusively establishes a challenge to the reliability or competence of evidence supporting a grand jury's probable cause finding will not be heard. *See Kaley v. United States,* 571 U.S. 320, 328 (2014) (recognizing "[t]he grand jury gets to say—without any review, oversight or second-guessing—whether probable cause exists to think that a person committed a crime."); *Costello v. United States,* 350 U.S. 359, 363 (1956) (recognizing a criminal defendant is not entitled to a preliminary trial to determine the competency and adequacy of the evidence before a grand jury). The grand jury's probable cause determination is conclusive. *Kaley*, 571 U.S. at 330-31. Defendant's attempt to challenge the grand jury's probable cause finding to support the charges in the second superseding indictment is not allowed.

### III. CONCLUSION

Based on the foregoing, it is

---

[3] Should the door be opened to this legal issue in future proceedings, it should be noted the witness identifications in question were made by codefendants Humbert and Johnson, as opposed to an eyewitness being asked to recall their impression of a stranger during a short encounter. The Eighth Circuit has held that when a witness who is already familiar with a suspect is asked to comment on whether an image portrays the suspect, the concerns that an improper lineup or photo array may be unduly suggestive or prejudicial are simply absent. *United States v. Dobbs,* 449 F.3d 904, 909-10 (8th Cir. 2006); *see also United States v. Omar,* 786 F.3d 1104, 1110 (8th Cir. 2015) (recognizing that because witnesses were already familiar with the defendant, the identification technique of showing photos did not create a substantial likelihood of misidentification). These decisions likely foreclose the relief sought by Defendant that displaying still images from surveillance footage to *codefendants* was unduly suggestive or prejudicial.

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion Request [sic] for a Wade Hearing without prejudice. Doc. 122.

Counsel for the Government and Defendant are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: June 9, 2021 /s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE